## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN DANIEL TODORIC,             Civil Action

           Plaintiff,           No.

    v.

UPMC ST. MARGARET,

           Defendant.          JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiff, Steven Daniel Todoric, by undersigned counsel, files this Civil Complaint, and in support states the following:

### I. Jurisdiction

1.    Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.    Plaintiff has exhausted the administrative remedies set forth under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), incorporating 42 U.S.C. § 2000e-5(f), as follows:

    a.  On May 22, 2015, he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination, and cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    b.  On December 15, 2015, the EEOC issued a Notice of Right to Sue; and

    c.  Plaintiff filed this action within 90 days of receipt of that Notice.

### II. Parties

3.    Plaintiff, Steven Daniel Todoric, is an adult individual who resides at 1610 Morningside Avenue, Pittsburgh, Pennsylvania 15206.

4.      Defendant, UPMC St. Margaret, is a healthcare facility with a principal place of business located at 815 Freeport Road, Pittsburgh, Pennsylvania 15215.

5.      In 2015, Defendant employed more than 15 employees for each working day for at least 20 weeks of the calendar year.

### III. Factual Background

6.      Todoric began working for Defendant as a Professional Staff Nurse in September 2014.

7.      Prior to his position at UPMC St. Margaret, Todoric worked for an affiliate of Defendant, UPMC Mercy, from October 2012 to September 2014.

8.      In November 2014, Todoric was diagnosed with a herniated disc.

9.      Todoric's herniated disc impairment substantially limited him in major life activities, including lifting, bending, kneeling, and walking.

10.     On February 18, 2015, Todoric underwent a surgery called an L4-L5 microdiscectomy and foraminotomy as a result of his herniated disc.

11.     Beginning on February 18, 2015, Todoric took a medical leave of absence under the Family and Medical Leave Act ("FMLA") and under Defendant's short term disability policy.

12.     Throughout his leave, Todoric was in touch with Jeffrey Steinkopf from UPMC WorkPartners, an entity that manages and oversees medical leaves of absence.

13.     On or about April 9, 2015, Todoric received a letter from Steinkopf informing him that his request for short term disability benefits had been extended through May 2, 2015.

14.     On April 27, 2015, Todoric received a "final notice" dated April 22, 2015 from UPMC WorkPartners representative Lori Maggio notifying him that he had exhausted his FMLA

leave on April 15, 2015, and stating: "If you are unable to return to work on your next scheduled shift and have not initiated the accommodation process you may be removed from UPMC payroll."

15.     That same day, April 27, 2015, Todoric spoke with both Steinkopf and Maggio from UPMC WorkPartners.

16.     Maggio instructed Todoric to submit a "Request for Accommodation" form as soon as possible.

17.     The next day, April 28, 2015, Todoric emailed Maggio a completed "Request for Accommodation" form requesting an extension of his leave of absence until June 2, 2015.

18.     On April 28, 2015, Maggio informed Todoric that Defendant was refusing to accept his request for an accommodation, and that his employment had been terminated.

19.     Todoric then spoke with his supervisor, Shirley Brandon, who informed him that Human Resources instructed her to terminate him.

20.     Todoric then spoke with Katelyn Printz from Human Resources, who confirmed that he had been terminated, but told him that UPMC "did [him] a favor" by noting in his personnel form that he voluntarily resigned his employment.

21.     However, Todoric never voluntarily resigned his employment.

22.     On May 19, 2015, Todoric provided Steinkopf an excuse from his doctor dated May 18, 2015 releasing him to work without restrictions.

23.     However, Defendant made no effort to maintain Todoric's employment.

### Count I
### Americans with Disabilities Act
### Discrimination/Failure to Accommodate

24.     Plaintiff incorporates the allegations of Paragraphs 1 through 23 as if fully restated.

25.     As set forth above, Todoric was an individual with a disability because he suffered from an impairment that substantially limited him in major life activities.

26.     Todoric would have been able to perform the essential functions of his position if granted the reasonable accommodation of a short medical leave.

27.     Thus, Todoric was a qualified individual with a disability.

28.     Defendant fired Todoric because of his actual or perceived disability, in violation of 42 U.S.C. § 12112(a).

29.     Defendant failed to make reasonable accommodations to Todoric's disability, in violation of 42 U.S.C. § 12112(b)(5)(A).

30.     Defendant's violations of the ADA were undertaken with malice or reckless disregard of Todoric's rights under the ADA.

31.     As a direct and proximate result of Defendant's discharge of Todoric and its failure to accommodate him, he has suffered damages, including lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

WHEREFORE, Todoric demands judgment against Defendant and requests that the Court order the following relief:

a.   Defendant shall reinstate Plaintiff into the position he held,  together with all benefits incident thereto, including, but not limited to wages, commissions, stock units, fringe benefits, training and seniority;

b.   Defendant shall provide Plaintiff with front pay in the  event reinstatement is not feasible;

c.   Defendant shall compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is  offered employment into a position substantially equivalent to the one which Plaintiff occupied;

d.   Defendant shall compensate Plaintiff for lost benefits, including  profit sharing, stock options and/or pension benefits until Plaintiff's normal

retirement date;

e.   Plaintiff shall be awarded compensatory damages against Defendant to compensate him for emotional distress, humiliation, inconvenience, and like injuries;

f.   Plaintiff shall be awarded punitive damages to punish Defendant and to deter Defendant and others from like conduct;

g.   Defendant shall be enjoined from discriminating against Plaintiff in any manner that violates the ADA;

h.   Plaintiff shall be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i.   Plaintiff shall be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## Americans with Disabilities Act
## Retaliation

32.   Plaintiff incorporates the allegations of Paragraphs 1 through 31 as if fully restated.

33.   Defendant fired Plaintiff in retaliation for his requests for reasonable accommodation.

34.   Defendant's violations of the ADA were undertaken with malice or reckless disregard of Todoric's rights under the ADA.

35.   As a direct and proximate result of Defendant's discharge of Todoric in retaliation for requesting a reasonable accommodation, Todoric has suffered damages, including lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

WHEREFORE, Todoric demands judgment against Defendant and requests that the Court order the following relief:

a.   Defendant shall reinstate Plaintiff into the position he held, together with all

benefits incident thereto, including, but not limited to wages, commissions, stock units, fringe benefits, training and seniority;

b. Defendant shall provide Plaintiff with front pay in the event reinstatement is not feasible;

c. Defendant shall compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied;

d. Defendant shall compensate Plaintiff for lost benefits, including profit sharing, stock options and/or pension benefits until Plaintiff's normal retirement date;

e. Plaintiff shall be awarded compensatory damages against Defendant to compensate him for emotional distress, humiliation, inconvenience, and like injuries;

f. Plaintiff shall be awarded punitive damages to punish Defendant and to deter Defendant and others from like conduct;

g. Defendant shall be enjoined from discriminating against Plaintiff in any manner that violates the ADA;

h. Plaintiff shall be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i. Plaintiff shall be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**ELZER LAW FIRM, LLC**

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157

355 Fifth Avenue, Suite 900-9
Pittsburgh, PA 15222
(412) 230-8436

Attorney for Plaintiff